UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v.   : | Criminal Case No. 06-010 (RWR) |
| : | |
| THOMAS R. JONES aka   : | |
| CALVIN LORENZO JONES,   : | |
| : | |
| Defendant.   : | |
| _____ : | |

**UNITED STATES' MOTION TO ADMIT OTHER CRIMES
EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)**

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of uncharged misconduct on the part of the defendant, which is relevant to prove defendant's intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") .  In support of its motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

**Factual Summary**

1.  The defendant is charged in a one count indictment with the following crime: Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii).

2.  At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows:  On December 17, 2005, at approximately 1:07 am, officers from the United States Park Police ("USPP") initiated a traffic stop on a gold Cadillac bearing a DC temporary tag, with two front seat occupants, for a suspected window tint

violation and inoperable headlight, at XXXXXXX   Washington, D.C.  The officers made contact with the driver, defendant Thomas R. Jones aka Calvin Lorenzo Jones, at which time the officers detected a strong odor of burnt marijuana emanating from the passenger compartment of the vehicle.  The defendant admitted to recently smoking marijuana in the vehicle.  He further stated that he had just been released from the Prince George's County Police Department, where he had been arrested on an outstanding warrant.  Both the defendant driver and the front passenger, Ms. Shamika Tyecha Manley, were removed from the car.  The officers conducted a search of the car for contraband at that time.

      3.      On the front passenger floor board of the car, officers located a gold bag, inside of which was five thousand nine hundred and sixty dollars ($5,960.00) in United States currency and a brown paper bag containing a clear plastic ziplock bag with large chunks of an off-white, rock-like substance.  The rock-like substance field tested positive for the presence of cocaine base, weighed approximately one hundred twenty-four (124) grams, and had an estimated street value of twelve thousand four hundred dollars ($12,400.00).  The defendant was placed under arrest.  On the defendant's body, officers found an additional eight hundred ninety-one ($891.00) dollars of United States currency.  Officers also found a small quantity of loose marijuana in the car, and documents containing Mr. Jones' name relating to the ownership and purchase of the Cadillac.

      4.      After waiving his rights, the defendant admitted smoking marijuana about fifteen minutes earlier, and that all of the money and drugs in the gold bag belonged to him.  He stated that he placed the drugs and money in the bag without Ms. Manley's knowledge.

5.      Although Ms. Manley's identification was located within the gold bag, she denied any knowledge of the drugs or money located therein. Ms. Manley was released from the scene at that time without being charged.

6.      Mr. Jones was issued a written warning for the inoperable headlight and a monetary citation for the window tint violation.

**Argument**

1.      Under Rule 404(b), the aforementioned marijuana usage and possession provide proof in this case that the defendant's possession of the suspected cocaine on December 17, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.¹

2.      Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at

---

¹/      The government takes the position that evidence of the defendant's driving with an inoperable headlight, and driving a car with a window tint violation, are inextricably intertwined evidence and not 404(b) evidence. The defendant was cited for the tint violation, and issued a written warning for the inoperable headlight.

1202.  As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible.  To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

       3.      Such evidence is of course subject like all evidence to the strictures of Rule 403.  Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice.  United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

       4.      As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved.  Moore, 732 F.2d at 989.  See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[2]

---

[2] As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes.  Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence."  Huddleston, 485 U.S. 690 (emphasis added).  Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence."  Id. at 690.
(continued...)

5. In the instant case, the government must prove that the defendant knowingly and intentionally possessed the narcotics that were ultimately recovered from his vehicle. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant's specific state of mind with respect to these drugs, that is, that he intended to possess them. Red Book, Instruction 4.28. The jury will further be instructed that the government must prove that when the defendant possessed the controlled substance, he had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered evidence.

6. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct." United States v. Clarke, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing Huddleston, 485 U.S. at 685) (emphasis added in Clarke). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. prior usage and possession to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for

---

[2]/(...continued)
And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

which admission at trial has been upheld in the past.  For example, in Crowder, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive.  The Court in Crowder stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion.  But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth.  Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession.  See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5.  The government seeks to do nothing more in the instant case – i.e., to show the defendant's intent, knowledge and absence of mistake with respect to the drugs he possessed.  Id.

7. All of the "other crimes" evidence described above is highly probative of the defendant's knowing and intentional possession of the drugs in this case.  Moreover, this evidence is also probative in showing that the defendant's possession of the drugs was not the result of mistake or accident.  The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case.  Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

8. Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms or drugs is admissible as 404(b) evidence.  See United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room").  As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession

of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Id. at 793 (citation omitted).

9.  In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms offenses. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. Id. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superceding indictment. Id. at 424.

10.  In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432. While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12 (D.C. Cir. 1998) (in

constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack); See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

11.   Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of

defendant's knowledge and absence of mistake or accident); <u>United States v. Gomez</u>, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, <u>inter alia</u>, absence of "accident or coincidence"); <u>United States v. Williams</u>, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); <u>United States v. Teague</u>, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

      12.     Recently, the D.C. Circuit held that the Government may not introduce evidence of a prior gun possession to prove that the accused <u>actually</u> possessed a gun at a later point in time. See <u>United States v. Harold Linares</u>, 367 F.3d 941 (D.C. Cir. 2004). In <u>Linares</u>, the court held that evidence of prior possession of a handgun was not admissible pursuant to Rule 404(b) to show knowledge in a prosecution pursuant to 18 U.S.C. § 922(g)(1), where the defendant was alleged to have had actual possession of the gun. The court reasoned that in light of the Government's other evidence presented at trial, a reasonable juror could have found that the defendant possessed the firearm only by concluding that he held it in his hand. However, under the facts of the instant case the Government will be proceeding using a theory of constructive possession, accordingly, <u>Linares</u> does not control the Rule 404(b) inquiry.

13.     Even if the Court determines that <u>Linares</u> controls in this case, there are significant factors which distinguish this case from the facts in <u>Linares</u>. Unlike in <u>Linares</u>, a jury in this case may reasonably doubt any proof of actual possession and focus on the issue of constructive possession, for which knowledge is a contested issue. At this time, there is no evidence that defendant Jones was ever observed in actual possession of the narcotics seized from the gold bag found in his vehicle, which did contain another occupant. Even if the jury is to credit the police officers' testimony regarding the location of the narcotics, it could still find that the defendant did not have knowledge of the presence of the narcotics recovered from his vehicle on the passenger side floorboard.

14.     Therefore, unlike in <u>Linares</u>, the jury could reasonably find that the defendant did not touch the drugs in the police officers' presence, but that he nonetheless had the power to exercise control over these items. However, the jury could also reasonably doubt that the defendant knew about the presence of the drugs found inside his car. Nowhere does <u>Linares</u> suggest that under such circumstances it is error to admit evidence offered to establish the defendant's knowledge. Evidence of the defendant's prior possession of drugs should be admitted, therefore, to prove that the defendants' possession was knowing and intentional, as well as to show absence of mistake or accident. Here, the proffered evidence of other crimes bears a close relationship to the offenses charged. The proffered evidence will clearly demonstrate among other things, the defendant's specific intent, knowledge, and the absence of mistake.

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        BAR NO.  451058

        _____

        ROBERT J. FEITEL
        ASSISTANT UNITED STATES ATTORNEY
        D.C. BAR NO. 433-180
        FEDERAL MAJOR CRIMES SECTION
        202.353.3706

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of the foregoing United States' Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant, Gregory L. Lattimer, Esquire, this 25th day of January, 2006.

                                                ROBERT J. FEITEL
                                                ASSISTANT UNITED STATES ATTORNEY