IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| Plaintiff, | * | Criminal No. 06-010 (RWR) |
| v. | * | |
| CALVIN LORENZO JONES | * | |
| Defendant. | * | |
| | * | |

## MOTION TO SUPPRESS STATEMENTS AND TANGIBLE EVIDENCE

Comes Now the Defendant, Calvin Lorenzo Jones, by and through counsel and hereby requests that this Honorable Court suppress certain inculpatory statements allegedly made by the Defendant and any tangible evidence seized therefrom in this case which occurred on or about December 17, 2005. In support thereof, the defendant avers as follows:

1. No basis for the warrantless search of Defendant's vehicle existed at the time he was stopped for alleged traffic offenses.

2. The alleged statements made by the Defendant were the product of custodial interrogation which occurred prior to any Miranda warning being given.

The Court is respectfully directed to Defendant's accompanying memorandum of points and authorities is further support of this motion.

Respectfully submitted,

Gregory L. Lattimer, Esq.
Law Offices of Gregory L. Lattimer, PLLC
1100 H Street, N.W., Suite 920
Washington, D.C. 20001
(202) 638-0095
Attorney for the Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **Plaintiff,** | * | Case No. 06-010 (RWR) |
| v. | * | |
| **CALVIN LORENZO JONES** | * | |
| **Defendant.** | * | |
| | * | |

## DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF A MOTION TO SUPPRESS STATEMENTS

Comes now the Defendant, Calvin Lorenzo Jones, by and through counsel, and hereby submits the following points and authorities in support of the above motion:

1. The Defendant herein, is a 31 year old African American male who was operating his vehicle in the District of Columbia on December 17, 2005. Mr. Jones was allegedly stopped by members of the U.S. Park Police because his driver's side headlight was inoperable and his windows were allegedly tinted and were suspected of being in violation of the "D.C. tint law." Neither of these alleged traffic offenses provides the basis for an arrest.

2. After stopping defendant's vehicle, the Park Police officers allege that they smelled marijuana, and that the defendant admitted to having smoked marijuana recently. In response thereto, the Park Police Officers ordered the defendant and his passenger from the vehicle and ordered them to sit on the curb as they proceeded to search the vehicle's interior. Prior to searching the defendant's vehicle, consent to search was neither sought nor obtained, nor was a warrant sought or obtained.

3. During the course of the search, contraband to wit: crack cocaine, was allegedly found

inside of a gold bag (woman's purse) located on the front passenger floor board as was $5,960.00 in U.S. currency. Also in the bag was the ID of the defendant's passenger, and some other "miscellaneous personal items" that she was allowed to retrieve from the bag before being allowed to leave the scene.

  4. Prior to allowing the passenger in defendant's vehicle to leave, the defendant was arrested and according to an arrest Supplemental Criminal Incident Report that has been provided to counsel, Exhibit 1, the defendant allegedly made statements concerning the ownership of the crack cocaine. The alleged statements made by Mr. Jones appear to have been made in response to a custodial interrogation by Officer Kelly and/or Sgt. Johnson.

  5. There is no indication that prior to the Defendant making the alleged statements that he was fully advised of his right to remain silent, or, that after having been so advised, he made a knowing and voluntary waiver of his rights, pursuant to the United States Constitution and *Escobedo v. Illinois*, 378 U.S. 478, *Miranda v. Arizona*, 384 U.S. 436, and their progeny.

  6. The alleged statements indicate that the admissions attributed to the Defendant, took place during a custodial interrogation by the police. The Defendant would further submit that the statements were made under circumstances, which constitute the level of custody required to establish a custodial interrogation, which would place this statement within the purview of *Miranda, supra*. Consequently, the Government must prove that the defendant was advised of his right to remain silent, or, that after having been so advised, he made a knowing and voluntary waiver of that right prior to being questioned by the police.

  7. " An officer's obligation to administer Miranda warnings attaches . . . where there has been such a restriction on a person's freedom as to render him [in custody]." *Oregon v. Mathiason*,

429 U.S. 492, 495 (1977) (per curiam) . . .. In determining whether an individual was in custody, a court must examine all of the circumstances surrounding the interrogation, but 'the ultimate inquiry is simply whether there [was] a "formal arrest or restraint on freedom of movement' of the degree associated with a formal arrest.' *California v. Belcher*, 463 U.S. 1121, 1125 (1983) (per curiam) (quoting *Mathiason, supra*, 429 U.S. at 495)." Mr. Jones was formally under arrest at the time that he allegedly made statements that are attributed to him. The vehicle that Mr. Jones was driving had been stopped by the police, he had been removed from the vehicle and placed on the curb, and was later formally arrested and placed in handcuffs. Mr. Jones was not read his Miranda rights at the time of his arrest. Interrogation of Mr. Jones under the above described circumstances constituted a "custodial interrogation" (or its functional equivalent) deserving of the protection of his rights under the Fifth Amendment as illustrated.

8. Accordingly, the Defendant respectfully requests that the statements that he allegedly made be suppressed.

9. In addition to the above, "It remains a cardinal principle that searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment subject on to a few specifically established and well-delineated exceptions. *California v. Acevedo*, 500 U.S. 565, 580 (1991). The D.C. Circuit has recognized that "One exception allows the police to search a vehicle's passenger compartment, Including the glove compartment, incident to the lawful arrest of the vehicle's occupant. *U.S. v. Jackson*, 415 F.3d 88, 91 (2005).

10. Because the defendant was not under arrest at the time of the search of the vehicle, and because the search of the vehicle was not incident to an arrest, and because the search was executed

without the consent of the Defendant, it constituted an unreasonable search under the Fourth Amendment, and therefore, any alleged evidence obtained therefrom must be suppressed.

Wherefore, for the reasons stated herein and in the record of these proceedings, the Defendant respectfully urges this Court to suppress the statements and tangible evidence obtained as a result of the illegal actions of the government agents in this case.

Respectfully submitted,

Gregory L. Lattimer, Esq.
Law Offices of Gregory L. Lattimer, PLLC
1100 H Street, N.W.
Suite 920
Washington, D.C. 20001
(202) 638-0095

Attorney for Defendant