UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : <br> : <br> v.  : Criminal Case No. 06-010 (RWR) <br> : <br> THOMAS R. JONES aka : <br> CALVIN LORENZO JONES : <br> : <br> Defendant : | |

## UNITED STATES' SUPPLEMENTAL MOTION TO ADMIT OTHER CRIMES EVIDENCE PURSUANT TO FEDERAL RULE OF EVIDENCE 404(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves this Court to permit the introduction of uncharged misconduct on the part of the defendant, Thomas Jones aka Calvin Lorenzo Jones, which is relevant to prove intent, knowledge, and absence of mistake, pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)"). In support of its supplemental motion, the United States relies on the following points and authorities, and such other points and authorities as may be cited at a hearing on this matter:

### Factual Summary

1.  The defendants, Thomas R. Jones aka Calvin Lorenzo Jones, are charged in a one count indictment with the following crimes: Unlawful Possession with Intent to Distribute 50 Grams or More of Cocaine Base, and Aiding and Abetting, in violation of 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(iii), and 18 U.S.C. § 2.

2.  At a hearing or trial in this matter, government counsel expects the evidence for these charges to demonstrate substantially as follows: On December 17, 2005, at approximately

1:07 am, officers from the United States Park Police ("USPP") initiated a traffic stop on a gold Cadillac bearing a DC temporary tag for a suspected window tint violation and inoperable headlight, at 53rd and Fitch Streets, SE, Washington, D.C. The officers approached the car and observed the defendant, Thomas R. Jones aka Calvin Lorenzo Jones in the driver's seat. Standing next to the car, the officers detected a strong odor of burnt marijuana emanating from the passenger compartment of the vehicle. The defendant, Thomas R. Jones aka Calvin Lorenzo Jones, admitted to recently smoking marijuana inside the vehicle. He further stated that he had just been released from the Prince George's County Police Department, where he had been arrested on an outstanding warrant. Both the driver and the front passenger were removed from the car. The officers conducted a search of the car for contraband at that time.

    3.    On the front passenger floor board of the car, officers located a gold bag, inside of which was five thousand nine hundred and sixty dollars ($5,960.00) in United States currency and a brown paper bag containing a clear plastic ziplock bag with large chunks of an off-white, rock-like substance. The rock-like substance field tested positive for the presence of cocaine base, weighed approximately one hundred twenty-four (124) grams, and had an estimated street value of twelve thousand four hundred dollars ($12,400.00). The defendant, Mr. Jones, was placed under arrest. On his body, officers found an additional eight hundred ninety-one ($891.00) dollars of United States currency. Officers also found a small quantity of loose marijuana in the car, and documents containing Mr. Jones' name relating to the ownership and purchase of the Cadillac.

2

4. After receiving the advice of rights and waiving the same in writing, the defendant, Mr. Jones, admitted smoking marijuana about fifteen minutes earlier, and that all of the money and drugs in the gold bag belonged to him. He stated that he placed the drugs in the bag without Ms. Manley's knowledge, though she knew about the money. He further stated that he got the crack not long ago, and that he put the crack in the gold bag about ten to fifteen minutes prior to being stopped by the police.

5. Although            identification was located within the gold bag, she denied any knowledge of the drugs or money located therein. Mr. Jones was also issued a written warning for the inoperable headlight, and a monetary citation for the window tint violation.            was released from the scene at that time without being charged.

6. During the traffic stop referenced above, both defendants informed the officers who had stopped them that they were headed to defendant Jones' cousin's house on Clay Street. Additionally, at the time of defendant Jones' arrest, Sixth District Vice Units of the Metropolitan Police Department were on the scene and advised the arresting U.S. Park Police officers that they knew that defendant Jones lived with his cousin on Clay Street, NE, Washington, D.C. These Sixth District Vice officers further advised the U.S. Park Police officers that defendant Jones is the person supplying the area of Clay Terrace with illicit narcotics.

7. Inside of the Cadillac driven by defendant Jones on December 17, 2005, officers recovered a transaction document in the name of Calvin L. Jones from the D.C. Teachers Federal Credit Union, and an address of 6106 Clay Street, NE, Washington, D.C.

3

8. Investigator Andrew Keness, U.S. Park Police, called defendant Jones' mother, who informed him that her son, Calvin L. Jones, mostly lives with his cousin, and sometimes will stay at her house.

9. Based upon the information obtained by the police on December 17, 2005, as well as from the defendant's mother, relating to the residence of Thomas Jones aka Calvin Lorenzo Jones, a D.C. Superior Court search warrant was obtained and executed at the location of 6106 Clay Street, NE, Washington, D.C.. The warrant was executed by the U.S. Park Police Narcotics Unit, assisted by a SWAT team, on December 20, 2005, at approximately 6:50 a.m.[1]

10. Pursuant to the search warrant, the following items of evidence were recovered from 6106 Clay Street, NE, Washington, D.C.:

A. two empty yellow plastic ziplock bags and one larger empty blue plastic ziplock bag

B. loose chunks of a white rock like substance (suspected cocaine base, currently being analyzed by the DEA)[2]

C. loose green leafy material (suspected marijuana, currently being analyzed by the DEA)[3]

---

[1] Sgt. M.A. Johnson, the U.S. Park Police officer who has already testified at the hearing on the Motion to Suppress, held on May 19, 2006, can testify at trial regarding all of the proffered 404(b) search warrant evidence, lettered items A through P. It is anticipated that Sgt. Johnson's trial testimony on the search warrant items would take approximately one hour or less, during the government's case in chief.

[2] The approximate total weight of the suspected cocaine base is .5 grams.

[3] The approximate total weight of the suspected marijuana is .5 grams.

4

D.   clear glass vial containing small chunk of green leafy material (suspected marijuana, currently being analyzed by the DEA)

E.   clear glass vial with black lid containing unknown clear liquid with chemical odor (suspected PCP, currently being analyzed by the DEA)

F.   large, light blue, plastic freezer bag containing small chunks of a white, rock like substance (suspected cocaine base, currently being analyzed by the DEA)

G.   blue nylon covered protective body armor

H.   spent shell casings: 1 for a .380 automatic pistol and 1 for an unknown gauge shotgun

I.   Formula 3 gun conditioner

J.   gun cleaning kit

K.   various photos depicting defendant Calvin Jones

L.   letters addressed to Mr. "Snoop" Cal Jones

M.   letter addressed to "Snoop"

N.   various obituaries

O.   Cingular phone bill and identification card for Calvin Jones' alias, Dwayne Fitzhugh

P.   DC Teacher's Federal Credit Union Paperwork to Calvin Jones

### Argument

1.   Under Rule 404(b), the aforementioned list of recovered evidence, items A through P, provides proof in this case that both defendants intended to distribute the cocaine found in the car on December 17, 2005, and further,                           possession of

the cocaine on December 17, 2005, was done knowingly and intentionally, and was not the result of inadvertence, mistake, or accident.[4]

2. Rule 404(b) provides that evidence of "other crimes, wrongs, or acts" is not admissible to prove a defendant's character, but is admissible for any non-propensity purpose, including motive, intent, plan, knowledge, and absence of mistake. See United States v. Bowie, 232 F.3d 923, 926, 930 (D.C. Cir. 2000). Importantly, this rule is one of "inclusion rather than exclusion." Id. at 929. As the Court of Appeals has noted en banc, while the first sentence of the rule is framed restrictively, the rule is actually quite permissive, prohibiting the admission of other crimes evidence in but one circumstance – for the purpose of proving that a person's actions conformed to his character. United States v. Crowder, 141 F.3d 1202, 1206 (D.C. Cir. 1998). In short, Rule 404(b) bars "not evidence as such, but a theory of admissibility." Id. at 1202. As the Court stated in United States v. Cassell, 292 F.3d 788, 795 (D.C. Cir. 2002) (citing United States v. Miller, 895 F.2d 1431, 1436 (D.C. Cir. 1990) (emphasis in original), "[t]rue, the evidence may tend to show that [defendant] is a person of bad character, but Rule 404(b) does not thereby render it inadmissible. To reiterate what we have stated before . . . under Rule 404(b), 'any purpose for which bad acts evidence is introduced is a proper purpose so long as the evidence is not offered solely to prove character.'"

3. Such evidence is of course subject like all evidence to the strictures of Rule 403. Thus, the admissibility of other crimes evidence rests on a two-step inquiry: 1) whether the other

---

[4] Alternatively, the United States asserts that this evidence is inextricably intertwined evidence and not 404(b) evidence, in that it was recovered close in time to the charged conduct in this case, and upon information and belief, the suspected cocaine recovered from the home will turn out to be cocaine base, once confirmed by the forensic analysis of the DEA.

6

crimes evidence is relevant to an issue other than the defendant's character or propensity, and if so, 2) whether the evidence is admissible under Rule 403 because its probative value is not substantially outweighed by the danger of unfair prejudice. United States v. Moore, 732 F.2d 983, 987 (D.C. Cir. 1984).

4.   As its language reflects, Rule 403 "tilts, as do the rules as a whole, toward the admission of evidence in close cases" -- even when other crimes evidence is involved. Moore, 732 F.2d at 989. See Huddleston v. United States, 485 U.S. 681, 688-89 (1988) ("Congress was not nearly so concerned with the potential prejudicial effect of Rule 404(b) evidence as it was with ensuring that restrictions would not be placed on the admission of such evidence").[5]

5.   The case of United States v. Payne, 805 F.2d 1062 (D.C. Cir. 1986) fully supports the government's view that all of the above referenced search warrant evidence should be admissible pursuant to Federal Rule of Evidence 404(b). The issue presented in Payne, 805 F.2d at 1062, was whether guns seized from the defendant's apartment were admissible in a drug prosecution on the issue of intent to distribute. "It has uniformly been recognized that substantial dealers in narcotics possess firearms and that such weapons are as much tools of the trade as more commonly recognized drug paraphernalia." Payne, supra, 805 F.2d at 1065

---

[5]   As for the burden that must be met in presenting other crimes evidence, the Court is not required to make any sort of preliminary finding or to weigh the evidence as to the other crimes. Indeed, as the Supreme Court has emphasized, "[i]n determining whether the Government has introduced sufficient evidence to meet Rule 104(b), the trial court neither weighs credibility nor makes a finding that the Government has proved the conditional fact by a preponderance of the evidence." Huddleston, 485 U.S. 690 (emphasis added). Instead, the trial court "simply examines all the evidence in the case and decides whether the jury could reasonably find the conditional fact [other crimes evidence] . . . by a preponderance of the evidence." Id. at 690. And in doing so, the trial court must consider all the pieces of evidence presented to the jury, both as to the other crimes evidence and the charged conduct. Ibid.

7

(citations omitted) (emphasis added). In Payne, supra, the government introduced into evidence the scales, money, zip-lock bags and guns recovered from Payne's apartment. Payne's defense was one of complete denial. The Court of Appeals held that the paraphernalia evidence, "frequently associated with marijuana dealers, namely, scales and ziplock bags...[is] squarely relevant on the issue of intent and thus properly admitted." Payne, 805 F.2d 1062 1065 (D.C. Cir. 1986); See United States v. Raper, 676 F.2d 841, 845 (D.C. Cir. 1982). The D.C. Circuit Court of Appeals held that "[i]n addition to the overwhelming weight of authority from other circuits, with which we agree, this court has previously had occasion to recognize the connection between weapons and narcotics distribution." Payne, 805 F.2d 1062, 1066. See White v. United States, 648 F.2d 29, 34 n.29 (D.C. Cir.), cert.denied, 454 U.S. 924 (1981).

6. While the evidence recovered in the instant case does not include a scale or guns per se, the presence of the spent shell casings, the gun cleaning materials, the empty ziplock bags and clear glass vials, both empty and full, is squarely relevant on the issue of intent to distribute narcotics. All of these materials are "tools of the trade" which goes directly to the issue of intent to distribute.[6]

---

[6] The United States submits that the rule announced in United States v. Shelton, 628 F.2d 54 (D.C. Cir. 1980), that evidence of an alleged extrinsic crime may be introduced only if the trial court makes a preliminary finding that there is "clear and convincing evidence to connect the defendant to the other crime," does not apply to the case at bar. "Evidence that is so closely tied to commission of the actual crime charged and only indirectly suggests distinct offenses should not ... fall within the Shelton rule requiring clear and convincing proof connecting the evidence and the defendant." United States v. McDowell, 762 F.2d 1072, 1075 n. 3 (emphasis added).

If, however, this Court should conclude that the Shelton rule does apply, the United States submits that it has met the clear and convincing evidence burden connecting Mr. Jones to the other crimes, as there is photographic and documentary evidence directly linking Mr. Jones , to the premises where
(continued...)

7.  All of the evidence listed in items A through P above satisfies the Rule 403 balancing test. Just as in Payne, 805 F.2d 1062 (D.C. Cir. 1986), this Court can reasonably conclude that the introduction of such evidence "would appreciably add to the government's proof." Payne, 805 F.2d at 1066. "While mere presence on the premises, proximity to the drug, or association with drug dealers is insufficient to prove possession, 'presence, proximity or association may establish a prima facie case of drug possession when colored by evidence linking the accused to an ongoing criminal operation of which that possession is a part.'" United States v. Dunn, 846 F.2d 761, 763-764 (D.C. Cir. 1988) citing United States v. Staten, 581 F.2d 878, 885 (D.C. Cir. 1978).

8.  Similarly, the bulletproof vest is also evidence of intent to distribute narcotics. In United States v. McDowell, 762 F.2d 1072 (D.C. Cir. 1985), the Court of Appeals held that a bullet proof vest was properly admitted under Federal Rule of Evidence 404(b) as evidence of intent to distribute narcotics:

> We believe that the bulletproof vest was squarely relevant on the issue of intent, for exactly the reason identified by government counsel: someone who intends to sell a substantial amount of phenmetrazine is more likely than an ordinary drug abuser to fear that others might try to shoot him, and to acquire a bulletproof vest in order to guard against that danger. The vest was not offered to prove a bad character and thus, by inference, a propensity to commit crimes. The vest was logically part of the specific equipment [the defendant] might use in selling drugs, and thus tended to show that [the defendant] actually intended to make such sales.

United States v. McDowell, 762 F.2d 1072, 1075 (D.C. Cir. 1985)

---

[6]/(...continued)
all of the "other crimes" evidence was located. This includes mail addressed to Mr. Jones

9. In the instant case, the government must prove that _____ knowingly and intentionally possessed the narcotics that were ultimately recovered from their vehicle. This means consciously, voluntarily, and on purpose, not mistakenly, accidentally, or inadvertently." See Criminal Jury Instructions (the "Red Book"), Instruction 4.28. The jury will be instructed that "[m]ere presence near something or mere knowledge of its location is not enough to show possession." Red Book, Instruction 3.08. The jury will further be instructed that the government must prove the defendant specific state of mind with respect to these drugs, that is, that he/she intended to <u>possess</u> them. Red Book, Instruction 4.28. The jury will further be instructed that the government must prove that when the defendants possessed the controlled substance, he/she had the specific intent to distribute it. "Distribute" means to transfer or attempt to transfer to another person. Red Book, Instruction 4.29. Therefore, the government's burden of proving intentional possession, intent to distribute, and lack of mistake or accident, is substantial. Each of these elements is directly addressed by the proffered search warrant evidence.

10. "As the Supreme Court has noted, 404(b) evidence may be critical to the establishment of the truth as to a disputed issue, <u>especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct</u>." <u>United States v. Clarke</u>, 24 F.3d 257, 265 (D.C. Cir. 1994) (citing <u>Huddleston</u>, 485 U.S. at 685) (emphasis added in <u>Clarke</u>). Indeed, the Rule 404(b) evidence the government seeks to admit at trial, i.e. subsequent usage and possession of the "tools of the trade" to prove knowledge, intent, and absence of mistake regarding current possession, is precisely the same sort of other crimes evidence for which admission at trial has been upheld in the past. For

10

example, in Crowder, other crimes evidence was admitted to show the defendant's knowledge, intent, and motive. The Court in Crowder stated:

> A defendant's hands-on experience in the drug trade cannot alone prove that he possessed drugs on any given occasion. But it can show that he knew how to get drugs, what they looked like, where to sell them and so forth. Evidence of a defendant's experience in dealing drugs -- evidence that is, of his "bad acts" -- thus may be a "brick" in the "wall" of evidence needed to prove possession. See Fed.R.Evid. 401, advisory committee notes.

Id. at 1209 n. 5. The government seeks to do nothing more in the instant case – i.e., to show the defendant intent, knowledge and absence of mistake with respect to the drugs they possessed. Id.

11. All of the "other crimes" evidence described above is highly probative of the defendants' knowing and intentional possession of the drugs in this case. Moreover, this evidence is also probative in showing that the defendant possession of the drugs was not the result of mistake or accident. The significant probative value of the evidence here is clearly not outweighed by the danger of unfair prejudice in this case. Whatever prejudice the defendant may perceive, moreover, can adequately be addressed through the use of a limiting instruction to the jury.

12. Numerous cases in this Circuit and others demonstrate that evidence of a prior or subsequent possession of firearms or drugs is admissible as 404(b) evidence. See United States v. Cassell, 292 F.3d 788, 792 (D.C. Cir. 2002) (evidence of defendant's prior gun possessions admissible under Rule 404(b) "because it was relevant to show knowledge of, and intent to possess, the firearms recovered from his room"). As the Court of Appeals noted in Cassell, "[w]e have previously held that 'in cases where a defendant is charged with unlawful possession

11

of something, evidence that he possessed the same or similar things at other times is often quite relevant to his knowledge and intent with regard to the crime charged." Id. at 793 (citation omitted).

13.　In United States v. Brown, 16 F.3d 423, 424-26 (D.C. Cir. 1994), the defendant had been charged with multiple drug and firearms offenses. The police executed a search warrant at a co-defendant's home and recovered drugs and guns in a safe, and the co-defendant and fingerprint evidence indicated the items in the safe belonged to defendant Brown. Id. at 423-26. When arrested three months later, defendant Brown was carrying a pistol and pager, and additional charges for this gun were added to a superseding indictment. Id. at 424.

14.　In addressing the conceded misjoinder, the Court held that the misjoinder was not prejudicial because, among other reasons, the evidence of the additional firearm on defendant Brown's person would have been admissible under Rule 404(b) in a trial of the original charges for the items in the safe. Id. at 429, 430-32. Specifically, the Court found that the gun recovered during the arrest was cross-admissible under 404(b) "because it was relevant to show intent, knowledge or absence of mistake with respect to the firearms found in the safe during the November Search." Id. at 431. As the Court commented in next finding the evidence admissible under Rule 403, the evidence of defendant Brown's subsequent possession of a firearm "tends to make it less probable that the pistols found in the safe during the November Search were there by mistake or without intent." Id. at 432 (emphasis added). While the fact that defendant Brown was arrested while carrying a pistol "could be a very prejudicial fact . . . . this prejudicial fact has considerable probative weight. Therefore, the gun, while a close call, also was cross-admissible." Id. at 432. See also United States v. Toms, 136 F.3d 176, 183-84 & nn. 11-12

(D.C. Cir. 1998) (in constructive possession case, evidence of prior drug activities and firearm possession was admissible to show intent, motive, knowledge, and/or absence of mistake with respect to the instant firearm); United States v. Latney, 108 F.3d 1446, 1448 (D.C. Cir.), cert. denied, 522 U.S. 940 (1997) (evidence of defendant's other possession of crack admissible in trial charging aiding and abetting distribution of crack); See also Clarke, 24 F.3d at 264 (evidence of prior sales of cocaine by defendants admissible to establish intent regarding their possession of large amounts of cocaine on dates charged in the indictment); United States v. Washington, 969 F.2d 1073, 1080-81 (D.C. Cir. 1992), cert. denied, 507 U.S. 922 (1993) (when defendant charged with distribution and possession with intent to distribute drugs, 404(b) evidence of his prior drug transactions was admissible to demonstrate intent, knowledge, plan and absence of mistake); United States v. Harrison, 679 F.2d 942, 948 (D.C. Cir. 1982) (evidence of defendant's prior drug trafficking admissible in trial of charges of possession with intent to distribute drugs to show intent, preparation, plan and knowledge); United States v. (Michael) Johnson, 40 F.3d 436, 441 n.3 (D.C. Cir. 1994) (proper to admit evidence of a prior drug transaction as bearing on intent to possess), cert. denied, 514 U.S. 1041 (1995).

15.   Several decisions from other circuits have similarly held that possession of narcotics and/or firearms on one occasion is probative of possession on an earlier or later occasion. See United States v. Mills, 29 F.3d 545, 548-49 (10th Cir. 1994) (in Section 922(g)(1) prosecution, evidence of earlier possession of firearms properly admitted under Rule 404(b) as proof of knowing possession); United States v. Brown, 961 F.2d 1039, 1042 (2d Cir. 1992) (in prosecution for possession of unregistered machine gun, evidence of defendant's simultaneous and subsequent possession of handguns properly admitted under Rule 404(b) as proof of

defendant's knowledge and absence of mistake or accident); United States v. Gomez, 927 F.2d 1530, 1553-54 (11th Cir. 1991) (in trial involving carrying a firearm in connection with a drug trafficking offense, evidence of prior gun possession properly admitted under Rule 404(b) to prove, inter alia, absence of "accident or coincidence"); United States v. Williams, 895 F.2d 1202, 1204-06 (8th Cir. 1990) (evidence that defendant was found with guns and drugs in 1986 and 1987 was relevant to show that it was no mistake or accident that defendant had guns and drug paraphernalia in his apartment during execution of search warrant in 1988, and to show knowledge); United States v. Teague, 737 F.2d 378, 379-81 (4th Cir. 1984) (in prosecution of a felon for possession of a gun, evidence of his subsequent offer to sell a gun was admissible under Rule 404(b) as evidence of intent, knowledge, and absence of mistake in his possession of the gun).

WHEREFORE, for the reasons stated above, the United States respectfully submits that the government's supplemental motion to admit other crimes evidence pursuant to Federal Rule of Evidence 404(b) should be granted.

        Respectfully submitted,

        KENNETH L. WAINSTEIN
        UNITED STATES ATTORNEY
        BAR NO. 451058


        _____
        ROBERT J. FEITEL
        ASSISTANT UNITED STATES ATTORNEY
        D.C. BAR NO. 433-180
        FEDERAL MAJOR CRIMES SECTION
        202.353.3706

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a copy of the foregoing United States' Supplemental Motion to Admit Other Crimes Evidence Pursuant to Federal Rule of Evidence 404(b) is to be served upon counsel for the defendant: Gregory L. Lattimer, Esquire this 24th day of May 2006.

                                                     ROBERT J. FEITEL  
                                                     ASSISTANT UNITED STATES ATTORNEY